O’MALLEY, Circuit Judge,
dissenting from denial of the petition for rehearing en banc.
While I understand that it is unusual to address issues raised by a nonprecedential opinion en banc, I believe there is merit in doing so in this case. I do not fault the panel for approaching this matter as it did given our precedent. I also understand that the panel carefully and thoughtfully analyzed the validity issues presented to it. Having said that, I believe our precedent regarding the propriety of preliminary injunctive relief in patent cases should be rethought and revised at our earliest opportunity.
This court has historically approached its review of trial court preliminary injunction rulings in a manner that is inconsistent with the Supreme Court’s directives in eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006); Rule 65 of the Federal Rules of Civil Procedure; and the law of all of other regional circuits. We deviate from the norm in this area in three ways. First, by employing a test which assesses whether a patent is “vulnerable” to a claim of invalidity, or whether the assertion of such a claim is “substantially meritless,” we employ a test which is not the same as the “likelihood of success” test that the rules and governing case law dictate. Second, we inevitably ignore or give no real weight to the other factors that Rule 65 tells us to consider, effectively redefining the balancing process normally applied under that rule. See Steven J. Lee, Recent Trends in Patent Litigation under the Hatch-Waxman Act, 878 PLI/PAT 991, 1031 (Pract. Law Inst., Patents, Copyrights, Trademarks & Literary Property Course Handbook, Series 2006) (noting that this court has “focused the preliminary injunction calculus on the ‘vulnerability’ of the patent claims to the challenger’s defenses, rather than on a balancing of all four of the equitable factors____”). Third, we give virtually no deference to district court de *1301 terminations in an area where deference is clearly due.
District courts across the country have struggled with our precedent in this area, concluding in large measure that, whatever their views of the merits of a particular preliminary injunction request, this court’s precedent virtually mandates denial of all such motions. We should bring our law into line with that applied in every other regional circuit and with the standards mandated by eBay.
For these reasons and all of those set forth in Judge Newman’s dissent, and while it may be that the panel ultimately reached the right result in this particular case, I agree with Judge Newman that we should have taken this opportunity to readdress our case law in this area.